IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FEDERAL INSURANCE COMPANY,
    Plaintiff,

v.                                          Case No. 3:08cv481/MCR/EMT

BUILDER SERVICES GROUP, INC. and
KARL OWENS, LLC.
    Defendants.
_____/

## **O R D E R**

This cause is before the court upon Non-party Joseph Gonzalez's Motion for Protective Order and Combined Memorandum of Law (Doc. 37). Before the court rules on this matter, Defendant Builder Services Group, Inc. shall be required to respond.[1]

Accordingly, it is **ORDERED**:

Defendant Builder Services Group, Inc. <u>shall</u> respond to non party, Joseph Gonzalez's motion on or before **THURSDAY, MAY 14, 2009**. Any other party <u>may</u>, but is not required to, respond within the same time. Prior to responding, the parties shall fully review this court's "Order Concerning Discovery Disputes," which will be issued by separate order on today's date.

---

[1] The court notes that non-party Joseph Gonzalez's motion seeks a protective order to protect him from Defendant Builder Services Group, Inc. ("BSG") obtaining his financial/banking information through two subpoenas duces tecum issued to another non-party, TrustMark National Bank ("TNB"), on or about April 14, 2009 (*see* Doc. 37 and Ex. A), which required TNB to produce documents in Jackson, Mississippi and Fort Walton Beach, Florida on Friday, May 1, 2009 (*id.*). Non-party Gonzalez, however, did not file the instant motion for protective order until Wednesday, April 29, 2009, and the court was not notified of the motion until Thursday, April 30, 2009. Thus, non-party Gonzalez failed to provide sufficient time for this court to rule on the motion prior to the date for production stated in the subpoenas (i.e., Friday, May 1, 2009 at 9:00 a.m. and 1:30 p.m., respectively), and it is unclear whether the issue has now been resolved. Further complicating the matter is the fact that non-party Gonzalez failed to include in his motion BSG's position on the matter. Although non-party Gonzalez states he attempted to confer "with other affected" parties (*see* Doc. 37 at 5), this statement does little to help the court. For example, it is unclear who non-party Gonzalez attempted to confer with, why he was unsuccessful in conferring with any other "affected party," and it fails to explain his inability to confer despite being on notice of the subpoenas for approximately two weeks prior to the "last minute" filing of the instant motion.

**DONE AND ORDERED** this 8<u>th</u> day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**